**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| JONATHAN HENGAL, | Case No. 26-11497 (DSJ) |
| Debtor. | |

# OPINION AND ORDER DIRECTING DEBTOR TO ANSWER CREDITORS' QUESTIONS AT NEXT SECTION 341 MEETING OF CREDITORS

At the meeting of creditors conducted pursuant to section 341(a) of the Bankruptcy Code on August 19, 2026 to examine the above-captioned Debtor (the "Creditors' Meeting"), the Debtor, on advice of counsel, declined to answer certain questions posed by creditors. The questions concerned, among other things, the Debtor's household expenses and whether other individuals residing with the Debtor contributed to or shared those expenses. Creditors also sought information concerning Babkafe, Inc. ("Babkafe"), a closely held corporation of which the Debtor is the sole shareholder, including its historical and postpetition revenues. Debtor's counsel objected that those inquiries were beyond the proper scope of the Creditors' Meeting. The meeting was adjourned to September 24, 2026, to permit the parties to seek the Court's determination concerning the permissible scope of questioning.

Rica Oiknine, a creditor of Debtor and party to a matrimonial divorce proceeding in New York state court with Debtor, requests that the Court permit questioning of the Debtor at the continued Creditors' Meeting concerning his household expenses and any contributions or expense allocations by other individuals residing with him, as well as Babkafe's financial condition and revenues, including its prepetition and postpetition revenues. *See* Letter Regarding Scope of 341(a) Meeting of Creditors filed on September 15, 2026 ("341 Letter") [ECF No. 29]. Several other creditors joined in that request, stating that additional questions may arise during

the continued meeting and seeking to preserve their ability to pursue those inquiries as well. *See* ECF Nos. 29, 30.

The Debtor opposes the requested relief. *See* Response to 341 Letter [ECF No. 32]. He contends that the Creditors' Meeting is not an appropriate forum for examining non-debtor parties. In the Debtor's view, questions concerning Babkafe and individuals who may reside with him fall outside the scope of a section 341(a) meeting, even if those subjects might be appropriate for examination under Bankruptcy Rule 2004. The Debtor therefore maintains that creditors seeking broader inquiry into those matters should pursue an appropriate Rule 2004 examination rather than question the Debtor about them at the continued Creditors' Meeting.

Meetings under Section 341 are within the authority of the United States Trustee. 11 U.S.C. § 341(a). The Court cannot preside over or attend 341 meetings by statutory mandate. 11 U.S.C. § 341(c). "The chief function of the meeting of creditors is to provide the machinery for creditors to . . . examine the debtor and be heard generally in an advisory capacity on questions concerning the administration of the estate." 3 Collier on Bankruptcy ¶ 341.01 (16th ed. 2026). "[T]he scope of examination is broad so all parties in interest . . . can understand the nature of the debtor's financial affairs." *In re Consiglio*, No. 25-30966 (AMN), 2026 WL 1174844, at *3 (Bankr. D. Conn. Apr. 29, 2026). "The [Section] 341 meeting provides the trustee and creditors with a cheap, inexpensive, and convenient tool to get an overall feel for the bankruptcy estate, and to do so early in the case." *In re Muy Bueno Corp.*, 257 B.R. 843, 851 (Bankr. W.D. Tex. 2001).

The Court is tasked with resolving any disputes arising at the 341 meeting. "[I]f the debtor believes that questions are beyond the scope permitted, or unduly repetitious, the debtor may object and even refuse to answer. However, if the court finds that such a refusal was

unjustified, the debtor will usually be required to reappear at another meeting[.]" 3 Collier on Bankruptcy ¶ 341.02[5][e].

The Debtor's contention that the scope of the examination of non-debtor parties sought by the creditors is inappropriate for a 341 meeting and is better suited for a Rule 2004 examination is contradicted by statutory authority and relevant case law. "[T]he scope of a typical Rule 2004 examination applies to a debtor's examination at his or her meeting of creditors." *In re Morrison*, 443 B.R. 378, 380 n.2 (Bankr. M.D.N.C. 2011); *see also Neary v. Stamat*, No. 07-B-13379, 2009 WL 2916834, at *1 n.4 (N.D. Ill. Sept. 2, 2009), *aff'd*, 635 F.3d 974 (7th Cir. 2011). The 341 meeting of creditors "is a fishing expedition allowed, even encouraged, by the statutes and the rules so long as the subject of the questioning relates to the bankruptcy case." *In re Avery*, 594 B.R. 655, 660 (Bankr. S.D. Miss. 2018) (citing *Clippard v. Russell (In re Russell)*, 392 B.R. 315, 358-59 (Bankr. E.D. Tenn. 2008) (internal quotations removed)); *see also* Fed. R. Bankr. P. 2004(b) (providing that an "examination of an entity under this rule *or of the debtor under [Section] 343* of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge") (emphasis added).

Under the broad scope of inquiry applicable to the examination of a debtor at the first meeting of creditors, the Debtor's objection to the scope of the inquiry at the August 2026 meeting of creditors and subsequent refusal to answer questions posed by creditors were improper. The topics of inquiry all relate to the nature and extent of Debtor's assets and income, and possibly his obligations and expenses, all of which are pertinent to his bankruptcy case and a fair subject of inquiry during the 341 meeting. Debtor is therefore directed to appear at the next

meeting of creditors, currently scheduled for December 10, 2026 at 11 a.m., and answer questions including but not limited to the topics discussed *supra*.

**IT IS SO ORDERED**.

Dated: New York, New York
November 13, 2026

*s/ David S. Jones*
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE