**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| JONATHAN HENGAL, | Case No. 26-11497 (DSJ) |
| Debtor. | |

---------------------------------------------------------------------x

**BENCH DECISION AND ORDER GRANTING CREDITOR RICA OIKNINE'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**APPEARANCES:**

LAW OFFICES OF ALLA KACHAN, P.C.
*Counsel for the Debtor*
2799 Coney Island Avenue, Suite 202
Brooklyn, New York 11235
By: Alla Kachan

KIRBY AISNER & CURLEY LLP
*Counsel for Rica Oiknine*
700 Post Road, Suite 237
Scarsdale, New York 10583
By: Dana P. Brescia
Julie Cvek Curley

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

On October 16, 2026, Rica Oiknine ("Ms. Oiknine"), a creditor and party to a matrimonial divorce proceeding in New York state court with the debtor Jonathan Hengal ("Debtor"),[1] filed the a motion for relief from the automatic stay (the "Motion") [ECF No. 42], seeking (1) a determination that the dissolution of the marriage and matters concerning domestic support, child custody, and visitation fall within the statutory exceptions to the automatic stay; and (2) relief under section 362(d)(1) permitting the divorce proceeding to continue through the

---

1 *See Hengal v. Oiknine*, Index No. 365489/2024 (N.Y. Cnty. Sup. Ct. Dec. 5, 2024).

determination and equitable distribution of the parties' marital property. Ms. Oiknine also filed a reply in support of the Motion ("Reply") [ECF No. 52].

According to Ms. Oiknine, various motions concerning child support remained pending when the Debtor commenced this chapter 11 case and discovery in the divorce proceeding remain incomplete. Mot. ¶ 7. Ms. Oiknine contends that the Debtor's financial records produced in the divorce proceeding suggest the possible existence of additional assets or sources of income that are not reflected in the schedules filed in this case, although the existence and ownership of any such assets remain disputed or undetermined.[2] *Id.* ¶ 10. The Debtor's schedules, as amended, identify several assets, including a Toyota Sienna valued at $13,000, miscellaneous personal property valued at $4,000, a Bank of America account with a reported balance of zero, and a 100% ownership interest in Babkafe, Inc. ("Babkafe"), a closely held corporation by Debtor. He listed the value of his Babkafe stock as unknown. The schedules also identify six shareholder loan agreements with Babkafe, having an aggregate scheduled value of $489,000. The scheduled value of the identified assets, excluding the Babkafe stock, is approximately $506,000. *See* ECF Nos. 1 & 22. Lastly, Ms. Oiknine requests that enforcement of any resulting judgment occur in this Court, subject to the statutory exception for income withholding and collection of domestic support obligations from non-estate property. *See* Mot. ¶ 13.

The Debtor does not object to permitting the matrimonial issues concerning dissolution, domestic support, or child custody and visitation to proceed under the applicable statutory exceptions of sections 362(b)(2)(A)(ii), (iii), and (iv), *see* Objection to Motion ("Obj.") ¶ 2 [ECF No. 49], but does oppose the requested stay relief concerning the determination and division of marital property in the divorce proceeding, particularly the valuation of Babkafe and the

---

2 The Court entered an order in August 2026 granting the Rule 2004 application filed by Ms. Oiknine regarding these subjects. *See* ECF No. 27.

Debtor's interests under the six shareholder loan agreements. *See* Obj. ¶¶ 3, 10, 12, 13. The Debtor emphasizes that Ms. Oiknine's allegations concerning additional assets are allegations only and do not establish that the Debtor concealed assets or that Oiknine holds an interest in any particular property. *See id.* ¶ 9. The Debtor further contends that the financial investigation is already proceeding in this Court through the Rule 2004 examinations and related subpoenas authorized on August 24 and October 2, 2026. *See id.* ¶ 10; ECF Nos. 27, 40. He argues that those proceedings concern the Debtor's financial interests and potential assets beyond the scope of the matrimonial dispute. *See* Obj. ¶ 10. Debtor also points out that Ms. Oiknine acknowledges that discovery in the divorce proceeding is incomplete and that the matter is not ready for trial. *See* Obj. ¶ 12 (citing Mot. ¶¶ 7, 26). In his view, the Motion seeks too broad of an authorization for the state court to determine the characterization and valuation of property, allocate the parties' interests, address appreciation in separate property, and allocate responsibility for joint debts, through judgment and appeal. *See id.*.

The Court heard argument on the Motion at a hearing held on November 10, 2026, with counsel for Ms. Oiknine and Debtor attending and being heard. For reasons that follow, the Court grants the Motion in full, with the proviso that this Court retains authority over the bankruptcy consequences of any state-court determinations regarding the allocation and equitable distribution of any property of the estate.

This Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 157(b), 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(G) because it concerns a motion for relief from the automatic stay (core proceedings include "motions to terminate, annul, or modify the automatic stay"). This Court possesses the authority to enter a final judgment in a

core proceeding "arising under title 11" consistent with Article III of the United States Constitution. *See Stern v. Marshall*, 564 U.S. 462, 474–75 (2011); *see also In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 674 (S.D.N.Y. 2011) (proceedings arise under title 11 "when the cause of action or substantive right claimed is created by the Bankruptcy Code"). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

The Motion seeks relief from the automatic stay under Section 362(d)(1) for "cause" so that the divorce proceedings can continue through the determination and division of the parties' marital property, up to enforcement of any judgment this Court. Section 362(d)(1) states that the court "shall grant relief from the stay [ ] such as by terminating, annulling, modifying, or conditioning such stay (1) for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). Where a movant seeks relief to proceed with pending litigation in another forum, courts in the Second Circuit apply the factors articulated in *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990). The factors are:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Sonnax*, 907 F.2d at 1286 (2d Cir. 1990).

"Not all of the *Sonnax* factors are relevant in every case, and the Court need not give equal weight to each factor." *In re Moche*, 677 B.R. 592, 605 (Bankr. S.D.N.Y. 2026) (citing *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999)). "When applying these factors and considering whether to modify the automatic stay, the Court should take into account the particular circumstances of the case, and ascertain what is just to claimants, the debtor and the estate." *In re Keene Corp*., 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994) (citations omitted); *see also In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994).

Ms. Oiknine relies principally on *Sonnax* factors 1, 2, 4, 7, 8, 10, 11, and 12. *See* Mot. ¶ 19. Debtor also addresses factors 3, 5, 6, and 9, which Ms. Oiknine does not identify as material to her Motion. *See* Obj. ¶¶ 23, 25, 26, 29. Nothing in the present record (i) suggests that the property dispute arises from the Debtor's administration of a trust or other property held for the benefit of third parties (factor 3), (ii) identifies an insurer that has undertaken the defense of the property litigation or agreed to bear the associated costs (factor 5), (iii) involves third parties in the matrimonial proceeding as this is a dispute principally between the spouses (factor 6), or (iv) identifies a proposed judicial lien or provide a factual basis for determining whether any lien resulting from the divorce proceeding would be avoidable (factor 9).

The Court thus considers the remaining relevant factors in turn, which, considered in the aggregate, weigh in favor of Ms. Oiknine's Motion. Factors 4 and, to a lesser extent, 1 and 10 support permitting the matrimonial court to address issues within its particular expertise that may assist in resolving the parties' property dispute and clarifying their respective rights. Factors 2 and 12 also support limited relief, provided that this Court retains authority over the bankruptcy consequences of any state-court determination. Factors 7 and 11 are mixed but weigh slightly in

favor of the relief requested, given the potential effect of property determinations on other creditors and the acknowledged lack of trial readiness.

The first factor, *i.e*., "whether relief would result in a partial or complete resolution of the issues," factor weighs in favor of Ms. Oiknine, although its weight is limited by the present procedural posture of the divorce proceeding. The parties' matrimonial dispute encompasses the characterization of their property as separate or marital, the valuation of that property, and the equitable distribution of their respective interests. Those issues overlap with questions relevant to the administration of this chapter 11 case, particularly the shareholder loan agreements and valuation of Babkafe. The resolution of the parties' respective interests in those assets could assist in identifying the property available to the bankruptcy estate and in determining the nature and amount of any claim Ms. Oiknine may hold against the estate. It could also provide information relevant to the formulation and evaluation of a plan of reorganization.

Debtor responds that Ms. Oiknine seeks broad property litigation through judgment and appeal, rather than resolution of a discrete issue that is presently ready for determination. He also emphasizes that discovery remains incomplete and that the Motion identifies no particular property question that can be promptly resolved. *See* Obj. ¶ 21. This concern is well-taken but factor 1 does not require that the other proceeding resolve every issue in the bankruptcy case. *See In re Singe*, No. 23-60376-6-PGR, 2023 WL 7211300, at *2 (Bankr. N.D.N.Y. Nov. 1, 2023). A partial resolution of issues material to the administration of the estate may support relief. To the extent the divorce proceeding can determine the parties' rights and obligations under New York matrimonial law, those determinations may narrow the issues that remain for this Court. The Court therefore concludes that factor 1 weighs in favor of limited relief, subject to retaining this

Court's authority over the consequences of any state-court determination for the bankruptcy estate.

The second factor, *i.e.*, the "lack of any connection with or interference with the bankruptcy case," is mixed but weighs in favor of limited relief if the scope of the state-court proceedings is appropriately confined. There is no question that the divorce proceeding and this chapter 11 case are connected. Both involve the Debtor and Ms. Oiknine, and the state court's determination of the parties' property rights may affect the composition of the estate and the treatment of Ms. Oiknine's claims. The requested relief therefore cannot be characterized as permitting litigation wholly unrelated to the bankruptcy case.

That connection, however, does not necessarily mean that allowing the divorce proceeding to proceed would interfere with the administration of this case. The state court is being asked to determine rights arising from the parties' marital relationship under state law. Those determinations may assist, rather than impede, the bankruptcy process by clarifying the parties' respective interests in property that may be relevant to a plan of reorganization. Moreover, Ms. Oiknine does not seek authority to enforce a resulting judgment against property of the estate without further order of this Court.

The Debtor correctly observes that a judgment allocating interests in Babkafe or the shareholder loan agreements could affect the estate even if execution or enforcement is stayed. The proposed limitation on enforcement therefore does not eliminate every possible effect on the bankruptcy case. *See* Obj. ¶ 22. It does, however, permit this Court to retain control over the administration and distribution of estate property and to address the bankruptcy consequences of any determination made by the matrimonial court. *See In re Taub*, 413 B.R. 55, 63 (Bankr. E.D.N.Y. 2009) ("Stay relief also does not pose a threat to preserving the value of property of the

Debtor's . . . estate. This Court retains jurisdiction over property of the estate [.]"). Accordingly, factor 2 weighs in favor of limited stay relief.

The fourth factor, *i.e.*, "whether a specialized tribunal with the necessary expertise has been established to hear the cause of action," weighs in favor of Ms. Oiknine. The divorce proceeding is pending in the New York Supreme Court, the state tribunal charged with resolving matrimonial disputes under New York law. That court is familiar with the parties' marital relationship and the issues concerning support, maintenance, characterization of property, and equitable distribution. New York matrimonial courts have long exercised authority to determine title to property and direct its possession in matrimonial actions. Federal courts ordinarily defer to state courts on matrimonial matters because state courts are more familiar with the governing marital-property law and equitable-distribution framework. *See Taub*, 413 B.R. at 64 (citing *In re Newman*, 196 B.R. 700, 703 (Bankr. S.D.N.Y. 1996); *Levine v. Levine (Matter of Levine)*, 84 B.R. 22, 24 (Bankr. S.D.N.Y. 1988)); *In re Cole*, 202 B.R. 356, 359–61 (Bankr. S.D.N.Y. 1996)).

The Debtor argues that the issue before this Court is not whether the matrimonial court possesses expertise in domestic-relations matters, but whether property litigation should proceed while estate assets and creditor claims are being investigated and administered in this Court. *See* Obj. ¶ 24. That distinction is important. The state court's expertise regarding matrimonial actions does not displace this Court's responsibility to determine the consequences of any property adjudication under the Bankruptcy Code. *See Taub*, 413 B.R. at 65–66 (citing *Cole*, 202 B.R. at 362). But the existence of that responsibility does not require or call for this Court to decide every issue of state matrimonial law in the first instance. The state court's familiarity with the parties and its expertise in equitable distribution favor allowing it to determine the parties' rights

under New York law, with this Court retaining authority over the bankruptcy consequences of those determinations. Factor 4 weighs in favor of limited relief.

The seventh factor, *i.e.*, "whether litigation in another forum would prejudice the interests of other creditors," presents a substantial concern but does not, however, necessarily preclude a carefully limited order. Debtor argues that the requested adjudication concerns the same assets being investigated in this Court for the benefit of the estate. *See* Obj. ¶ 27. He notes that discovery Rule 2004 is proceeding not only at Ms. Oiknine's request but also pursuant to an application by other creditors. *See* ECF Doc. Nos. 27, 38, 40. Debtor further contends that a judgment fixing the parties' respective interests in those assets could affect the estate's position even if enforcement remains stayed. *See* Obj. ¶ 27. On that basis, he argues that permitting the matrimonial court to allocate interests in the assets before the bankruptcy investigation is complete could prejudice creditors by affecting the property available for distribution. *See id.*

Those concerns cannot be dismissed – some courts in this district have observed that sending parties back to state court to litigate issues of division of marital property and distribution may interfere with case administration and prejudice creditors of the estate. *See Taub,* 413 B.R. at 65; *Cole,* 202 B.R. at 361. Nor does the present record establish that all creditors whose interests may be affected would have an opportunity to participate in the matrimonial proceedings. But, on the other hand, the matrimonial court may be permitted to determine the parties' rights and obligations as between themselves under New York law, while this Court retains exclusive authority to determine whether property is property of the estate, the extent to which any interest is available for distribution, the allowance and priority of claims, and any enforcement against estate property. *See Cole*, 202 B.R. at 361–62; *Taub*, 413 B.R. at 65–66. That limitation would reduce, although not entirely eliminate, the risk of prejudice to creditors.

The seventh factor therefore may be accommodated through a narrower order that preserves the collective bankruptcy process.

The tenth factor, *i.e.*, "the interests of judicial economy and the expeditious and economical resolution of litigation," weighs in favor of limited relief, although the incomplete state of discovery counsels against authorizing an unrestricted continuation of the property litigation. The New York Supreme Court is already presiding over the divorce proceeding and is familiar with the parties' history and the issues arising from their marriage. It is also the tribunal with particular expertise in the application of New York's matrimonial and equitable-distribution laws. *See Taub*, 413 B.R. at 63–64. Permitting that court to resolve the parties' rights under those laws may avoid requiring this Court to duplicate the state court's work and may produce determinations useful to the administration of the chapter 11 case.

The Debtor responds that financial discovery concerning the Debtor and Babkafe is already proceeding under this Court's orders, while discovery in the Divorce Proceeding remains incomplete. He argues that the requested order would authorize additional property litigation and appeals without a timetable for completion or identification of specific work that would be avoided. *See* Obj. ¶ 30. But the present record does not establish that the two proceedings necessarily require duplicative discovery or that the bankruptcy discovery orders will resolve the distinct questions of marital-property characterization and equitable distribution. The proceedings address related but not identical issues. The Court may also limit the relief granted to permit the state court to proceed with the property issues within its expertise, while retaining control over bankruptcy-specific issues and enforcement. *See Taub*, 413 B.R. at 67. On balance, factor 10 weighs modestly in favor of limited relief.

The eleventh factor, *i.e.*, "whether the parties are ready for trial in the other proceeding," is a close call but weighs slightly in favor of Ms. Oiknine. She acknowledges that discovery in the Divorce Proceeding is incomplete and that the matter is not ready for trial. *See* Mot. ¶¶ 7, 26. Debtor emphasizes that no trial date has been identified and that the property record is not complete. *See* Obj. ¶ 31. The record does not establish that the matrimonial court is prepared to determine the property issues in the near term, but that does not necessarily preclude a grant of limited relief to allow the state court to determine equitable distribution and other issues up to the entry of judgment. Indeed, it appears that proceedings in state court have paused pending adjudication of this Motion, even though Ms. Oiknine stands poised to file an order to show cause in state court. *See* Reply ¶¶ 2–3. Factor 11 thus is mixed, but viewed with the other factors previously discussed, weighs in favor of granting relief that would permit the divorce proceeding to continue, pending final adjudication of judgment enforcement and creditor distribution in this Court.

Lastly, the twelfth factor, *i.e.*, the "impact of the stay on the parties and the balance of harms," is mixed but weighs slightly in favor of Ms. Oiknine. She contends that resolution of the parties' property rights would assist the administration of the chapter 11 case by clarifying the assets available to the estate and the obligations owed to her. *See* Mot. ¶ 27. Debtor responds that Ms. Oiknine may continue to pursue matters falling within the statutory exceptions to the automatic stay and has already obtained financial discovery relief in this Court. He argues that the Motion identifies no imminent property trial or other event requiring immediate adjudication of equitable distribution, while the estate and its creditors face the burden and potential consequences of additional litigation over assets that remain under investigation. *See* Obj. ¶ 32. But maintaining the stay indefinitely may delay resolution of the parties' matrimonial property

rights and leave material questions concerning the Debtor's financial circumstances unresolved. A limited order can accommodate these interests while limiting prejudice to the estate's other creditors. *See Taub*, 413 B.R. at 68. Permitting the matrimonial court to continue proceedings directed to the parties' rights under New York law, while reserving to this Court determinations concerning estate property, claims, distribution, and enforcement against estate assets, would allow the matrimonial dispute to progress without surrendering this Court's control over the bankruptcy case. The twelfth factor therefore weighs in favor of limited relief.

Considering the factors together, the Court concludes that cause exists for limited relief under Section 362(d)(1). Any relief must be and is confined to permitting the matrimonial court to continue proceedings and, as appropriate, determine the parties' rights and obligations under New York matrimonial law, while expressly reserving to this Court all questions concerning the scope and extent of property of the estate, the allowance, priority, and treatment of claims, distribution of estate property, and enforcement of any judgment against property of the estate, except for income withholding permitted under Section 362(b)(2)(C) and collection of a domestic support obligation from non-estate property under Section 362(b)(2)(B). The proposed order should also preserve the Court's jurisdiction and protect the interests of creditors not participating in the divorce proceeding.

For the foregoing reasons, the Motion to lift the automatic stay is GRANTED. Ms. Oiknine is directed to submit to chambers a proposed order in Word format on notice to Debtor and other interested parties to effectuate the ruling of this decision as soon as practicable.

**IT IS SO ORDERED**.

Dated: New York, New York
November 18, 2026

*s/ David S. Jones*
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE